IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON L. WOOD,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | 2:23-CV-01961-CCW |

**OPINION**

Before the Court is a Motion to Dismiss filed by Defendant United States Department of State. ECF No. 13. For the reasons set forth below, the Court will grant the Department of State's Motion and dismiss Mr. Wood's Complaint for lack of subject matter jurisdiction.

## I. Background

Pro se Plaintiff Don L. Wood is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. Mr. Wood, a United States citizen, seeks to have the Court grant his adult "sons"—both of whom are citizens of India—U.S. citizenship and passports so that they can reside with Mr. Wood in the United States. *See generally* ECF No. 3. The Department of State moved to dismiss Mr. Wood's Complaint for failure to state a claim and lack of subject matter jurisdiction. ECF No. 13. Mr. Wood did not file a response to the Motion to Dismiss, despite the Court affording him ample opportunity to do so. *See* ECF No. 16. After reviewing the Motion to Dismiss, the Court ordered the Department of State to file a Reply addressing the effect, if any, of the United States' sovereign immunity and Mr. Wood's standing to bring his claims. ECF No. 19. The Court also granted Mr. Wood the opportunity to respond to the Department of States' Reply.

*Id.* The Department of State timely filed its Reply, and Mr. Wood timely filed a Response. ECF Nos. 22, 24. Accordingly, the matter is now ripe for disposition.

Mr. Wood is an 80-year-old United States citizen. ECF No. 3 ¶ 10.A. In January 2004, Mr. Wood "established a paternal relationship" with two Indian children, Buster Donal Wood (then age 9) and Cary Donal Wood (then age 10) (the "Donal Woods"), in Mumbai, India. *Id.* ¶ 18. According to Mr. Wood, "[t]his was solemnly done in the sight of God through prayers of thanksgiving, at the common law and as a matter of human right concerning all the parties involved." *Id.* The Donal Woods are cousins of one another. *Id.* Although Mr. Wood never legally adopted the Donal Woods, Mr. Wood considers them to be his sons. *Id.* ¶¶ 18–21. In 2009, Mr. Wood attempted to have the Donal Woods "registered with the United States Department of State under the Child Citizenship Act of 2000 [the ("CCA")] as [his] sons with automatic USA citizenship and passport rights," but was denied because the Donal Woods were not legally adopted. *See id.* ¶ 22. Mr. Wood returned to the United States when the Donal Woods were teenagers, and eventually traveled back to India in 2022. *Id.* ¶ 27. The Donal Woods are currently adults and still reside in Mumbai, India. *Id.* ¶¶ 18, 20. Mr. Wood asks the Court to recognize the Donal Woods' U.S. citizenship and order that they be issued passports so that they can travel to the United States to reside with Mr. Wood. *Id.* at 23. Mr. Wood has not pursued any available administrative remedies to procure this relief because he believes it would be futile. *Id.* ¶¶ 2–4. Instead, Mr. Wood seeks relief directly from this Court on "statutory, common law, case law, and [] Christian humanitarian grounds." *Id.* ¶ 10.A.

## II. Legal Standard

### A. Rule 12(b)(1) Standard

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a facial attack 'contests the sufficiency of the pleadings' . . . 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Constitution Party*, 757 F.3d at 358 (citations omitted). In its Motion and Reply brief, Defendant presents a facial challenge to subject matter jurisdiction because it argues, in relevant part, that the Court does not have jurisdiction because Mr. Wood lacks standing, has not established a waiver of the United States' sovereign immunity, and that the remedies that Mr. Wood seeks are not within the power of this Court to grant. *See* ECF No. 14 at 7–8; ECF No 22. As such, in ruling on Defendant's Motion, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party*, 757 F.3d at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)).

## III. Discussion

Mr. Wood asks this Court for four forms of relief: (1) an order granting him and the Donal Woods "the immediate right to return to the United States, united as family and able to live together in the United States as might any other citizens of the USA," (2) an order granting the Donal Woods the "absolute, unconditional right of United States Citizenship as should have been

afforded them under the Child Citizenship Act," (3) an order requiring that the Donal Woods be immediately issued U.S. passports, and (4) an order declaring that the Donal Woods were adoptable children in the United States effective January 1, 2004. ECF No. 3 at 23. The Department of State moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 13.

For the reasons discussed below, the Court will dismiss Mr. Wood's Complaint for lack of subject matter jurisdiction because he lacks standing and, even assuming standing exists, he has not established the United States' waiver of sovereign immunity.[1] Because the Court's decision rests on jurisdictional grounds, it does not address whether Mr. Wood has stated a claim upon which relief can be granted. *See Anand v. Indep. Blue Cross*, No. CV 20-6246, 2021 WL 3128690, at *4 (E.D. Pa. July 23, 2021), *aff'd in part, vacated in part, remanded*, No. 21-2679, 2022 WL 2339476 (3d Cir. June 29, 2022) ("When a Rule 12(b)(1) motion is brought with a Rule 12(b)(6) motion, the Rule 12(b)(1) motion must be considered first, since it is only after there is jurisdiction can the court rule on the merits.").

[1] While the United States Supreme Court has held that "that federal courts are not generally obligated to address 'jurisdictional issues' in any particular order," *In re Hechinger Inv. Co. of Delaware, Inc.*, 335 F.3d 243, 250–51 (3d Cir. 2003) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)), it has also found that Article III standing must be addressed before turning to issues of state sovereign immunity under the Eleventh Amendment. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998). As the United States Court of Appeals for the Third Circuit has noted, "[i]f the Eleventh Amendment issue in *Ashmus* had been one of the 'jurisdictional issues' [that a Court can address in any order under *Ruhrgas*], the *Ashmus* Court would not have been obligated to reach the Article III standing question before turning to the Eleventh Amendment question." *In re Hechinger*, 335 F.3d at 251. However, the Third Circuit has recently reaffirmed that "federal courts have flexibility to choose among alternate grounds for denying audience to a case on the merits." *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.3th 236, 248 n.16 (3d Cir. 2022) (declining to analyze Article III standing because the case could be dismissed on the more straightforward basis that the foreign-state defendants were entitled to sovereign immunity under the Foreign Sovereign Immunities Act). The Court elects to address standing first in this instance.

**A. Mr. Wood Lacks Standing**

The standing doctrine, in Article III, section 2 of the Constitution, limits the judicial power of the United States to "Cases" and "Controversies." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). Thus, federal courts may "resolve only 'a real controversy with real impact on real persons.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (quoting *Am. Legion v. Am. Humanist Assn.*, 588 U.S. 29, 87 (2019)). A "real controversy" exists where the plaintiff (1) has suffered an "injury in fact," (2) that is "fairly traceable" to the defendant's challenged conduct, and (3) is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). If any of these elements is missing, then there is no case or controversy, and the court lacks jurisdiction over the matter. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–62 (1992). "The party invoking federal jurisdiction bears the burden of establishing [Article III standing]." *Id.* at 561. And they must do so "with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

Here, to the extent Mr. Wood bases his claims on an anticipated agency action, he has not alleged an injury in fact sufficient to survive a motion to dismiss. While at the motion to dismiss stage the "[i]njury-in-fact element is not Mount Everest," *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (citation omitted), a plaintiff must allege an injury that is "imminent" and not "conjectural," *Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d Cir. 2011). Where "one cannot describe how the [plaintiff] will be injured without beginning the explanation with the word 'if,'" there is typically no standing because the harm is speculative. *See id.* (quoting *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297–98 (3d Cir. 2003)).

Mr. Wood asks the Court to declare that the Donal Woods are United States citizens and order the Department of State to issue them United States passports. ECF No. 3 at 23. Mr. Wood admits to not seeking this relief through the existing administrative process because he believes it

would be futile. *See id.* ¶¶ 2–4. In other words, Mr. Wood's theory of harm is that *if* the Donal Woods were to pursue administrative remedies (*e.g.*, naturalization or passport applications), they would be denied, and *if* they were denied, those denials would be upheld on administrative appeal. Putting aside the issue of whether this sort of administrative denial would constitute a harm to Mr. Wood personally (or whether he can assert claims on the Donal Woods' behalf), the harm he identifies—the future denial of naturalization or passport applications which have not yet been submitted—is purely speculative and insufficient to convey standing. *See Reilly*, 664 F.3d at 42 ("Allegations of possible future injury are not sufficient to satisfy Article III.") (internal quotation omitted).

**B. Mr. Wood's Suit is Barred by the Doctrine of Sovereign Immunity**

Even if Mr. Wood has standing, which the Court does not find, his suit independently fails because he has not identified a waiver of the United States' sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United* States *v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A plaintiff attempting to sue any government agency . . . 'must identify a specific statutory provision that waives the government's sovereign immunity.'" *Manns v. Bureau of Prisons*, No. 05-cv-315, 2006 WL 3813926, at *2 (W.D. Pa. Dec. 26, 2006) (McLaughlin, J.) (quoting *Clinton Cnty. Commr's v. U.S. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997)); *see also Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024) ("Because sovereign immunity is jurisdictional in nature, the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.") (cleaned up).

Here, Mr. Wood has sued the United States Department of State. ECF No. 3. Thus, in order for the Court to entertain his suit, Mr. Wood must point to some specific statutory provision that establishes the United States' consent to be sued. *Clinton Cnty. Commr's*, 116 F.3d at 1021. While Mr. Wood broadly refers to "statutory provisions" and "U.S. immigration statutes," as grounds for his suit, ECF No. 3 ¶ 10.B, he does not point out any provision in particular, *see generally* ECF Nos. 3, 24. To be sure, the United States has consented to suit in certain circumstances so that a private plaintiff can challenge federal agency actions in court. *See, e.g.*, 5 U.S.C. §§ 702, 704; 8 U.S.C. §§ 1421(c), 1503(a). However, Mr. Wood seems to concede that there is no such agency action to contest in the context of this case; he admits to not seeking relief through the existing administrative process because he believes it would be futile. *See* ECF No. 3 ¶¶ 2–4.

The only agency action that Mr. Wood identifies that could plausibly be challenged is the denial of the Donal Woods' passport applications in 2009.[2] *Id.* ¶ 22. That denial could theoretically be a basis upon which to maintain a suit against the United States under § 1503(a) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.* ("INA"). *See Whitehead v. Haig*, 794 F.2d 115, 119 (3d Cir. 1986) (stating that denial of a passport application based on the applicant's alleged lack of citizenship is actionable under § 1503(a)). Under § 1503(a), a plaintiff

[2] Mr. Wood asserts that in 2009 he "sought to have [the Donal Woods] registered with the United States Department of State under the [CCA as his] sons with automatic USA citizenship and passport rights," but "[t]his turned out to be impossible" because he did not have legal adoption papers for the Donal Woods. ECF No. 3 ¶ 22. It is not exactly clear what Mr. Wood means when he says he sought to have the Donal Woods "registered" with the Department of State, but the Court can draw an inference based on the scope of the Department of State's authority. It is the United States Attorney General—not the Department of State—who has the sole authority to naturalize individuals as United States citizens. *See* 8 U.S.C. § 1421(a). And the Department of State is the body authorized to grant, issue, and verify passports. *See* 22 U.S.C. § 211a. Mr. Wood has sued the Department of State, not the Attorney General. ECF No. 3. Liberally construing Mr. Wood's Complaint, the Court assumes Mr. Wood is attempting to allege that in 2009, he submitted passport applications to the Department of State on the Donal Woods' behalf, that he then claimed that the Donal Woods should be issued passports because they had automatic citizenship under the CCA, and that the Department of State denied the applications because there was insufficient evidence that the CCA applied to the Donal Woods.

who is located within the United States may file an action seeking a declaration of citizenship if they have been denied a right or privilege of citizenship. *See* 8 U.S.C. § 1503(a). But even assuming Mr. Wood is the proper plaintiff to bring an action under § 1503, the United States Department of State would not be the proper defendant and such an action would not be timely.[3] *See id.* (stating that an action may be brought "against the head of [a] department or independent agency" and that it "may be instituted only within five years after the final administrative denial"); *Whitehead*, 794 F.2d at 119 (finding that denial of a passport application is a final administrative denial that starts the clock on the five-year statute of limitations under § 1503(a)).

To the extent that the denial of the Donal Woods' passport applications in 2009 could be actionable under some other statutory provision, Mr. Wood has not carried his burden to direct the Court to it. *See Clinton Cnty. Commr's*, 116 F.3d at 1021; *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."); *see generally* ECF Nos. 3, 24. Accordingly, Mr. Wood has not established a waiver of the United States' sovereign immunity, and the Court therefore does not have jurisdiction over the instant case.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss filed by United States Department of State, ECF No. 13, will be granted. Because dismissal is based on lack of standing and the United States' sovereign immunity, Mr. Wood's Complaint will be dismissed without prejudice. *See Bah*, 91 F.4th at 120 (stating that sovereign immunity is "jurisdictional in nature"); *Onyiuke v. New*

[3] Indeed, any suit based on the 2009 denial of the Donal Woods' passport applications would appear to be untimely. *See* 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action accrues.").

*Jersey*, 242 F. App'x 794, 797 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("[A] dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits; therefore such a dismissal should be without prejudice."). An appropriate order will follow.

DATED this 25th day of November, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail)

Don L. Wood
*Pro se*
5441 Baywood Street
Pittsburgh, PA 15206